UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVGUENIY FEDETOV, on behalf of himself<br>And all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>PETER T. ROACH AND ASSOCIATES, P.C.<br><br>      Defendant. | 03 CV 8823(CSH)<br><br>**CLASS ACTION** |

**MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION**

**DEFENDANT HAS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**

Defendant as alleged in the complaint has violated the FDCPA. In doing so, Defendant has gone far beyond a mere singular violation of the FDCPA by using form letters that do not comply with the requirements of the Act.

**I.  THE FDCPA WAS BROADLY DRAFTED TO ELIMINATE ALL FORMS OF COLLECTION ABUSE**

One of the express purposes of the FDCPA is "to eliminate abusive practices by debt collectors."[1] The FDCPA is a broadly drafted act designed to protect consumers from abusive, deceptive and unfair debt collection practices.[2] The Second Circuit has held that "[t]he basic purpose of the

---

[1] 15 U.S.C. § 1692(e).

[2] 15 U.S.C. § 1692.

1

least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[3]

## II. STANDARD OF REVIEW FOR CLASS CERTIFICATION

In determining whether a class will be certified under Rule 23, the merits of the case are not examined and the substantive allegations of the complaint must be accepted as true.[4] Moreover, "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions."[5] Any doubts regarding the propriety of certification should be resolved "in favor of allowing the class action," so that class actions remain effective vehicles for deterring wrongdoing on a large scale.[6]

Furthermore, where as here, defendant moves to dismiss a class action complaint at the early stages, and plaintiff has not been permitted to conduct discovery, defendant must show that on its face the complaint cannot result in class certification. "Where defendants contend that certification is precluded as a matter of law before the filing of the certification motion, defendants bear the burden of demonstrating that on

---

[3] *Clomon v. Jackson*, 988 F.2d 1314, 1318.

[4] *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *In re Energy Systems Equipment Leasing Securities Litigation*, 642 F. Supp. 718, 724 (E.D.N.Y. 1986).

[5] *King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 25-26 (7th Cir. 1975).

[6] *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968); *accord, In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732-33 (N.D.Ill. 1977).

2

the face of the complaint, class certification is impossible." *2 Newburg & Conte, Newburg on Class Actions* § 7.22 (3d ed. 1992); see also *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991).

Congress recognized the importance of class actions in protecting consumers from debt collectors by expressly authorizing class action remedies under the FDCPA.[7] Consequently, the courts have certified numerous FDCPA class actions.[8] Under Federal Rule of Civil Procedure 23, a class should be certified when the Plaintiff meets all four requirements of Rule 23(a) and one of the Requirements of Rule 23(b). For the reasons discussed below, the requirements of Rule 23 are satisfied in this case.

### III. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

#### A.    Rule 23(a)(1) -- Numerosity

The first requirement of Rule 23(a) is that the class members are so numerous that joinder is not practicable. "Impracticability exists where individual adjudication would take an extended period of time and joinder of all the parties would be expensive, time consuming and drastically increase the legal expenses for all the parties."[9] The Second Circuit presumes

---

[7] 15 U.S.C. §§ 1692k(a) and (b).

[8] *See, e.g., Weber v. Goodman*, 9 F.Supp.2d 163 (E.D.N.Y. 1998) (FDCPA class certified involving collection activities); *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451 (E.D.N.Y. 1996) (class certified regarding harassing and abusive debt collection letters).

3

numerosity at a level of 40 members.[10] "When the class is large, numbers alone are dispositive . . . ."[11]  Where there are approximately 40 class members, joinder is usually impracticable, and where the class numbers in the hundreds joinder is clearly impracticable.[12]

It is not necessary that the precise number of class members be known. A class action may proceed upon estimates as to the size of the proposed class and the court is entitled to make common sense assumptions in order to support a finding of numerosity.[13] A common sense approach is particularly appropriate in FDCPA cases like this one, where the claims at issue arise from the defendant's use of a form debt collection letter.[14]

---

[9] *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290 (2d Cir. 1990).

[10] *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), *cert. denied*, 115 S.Ct. 2277 (1995), *citing* I *Newberg on Class Actions* (2d ed. 1985) § 3.05; *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

[11] *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986)).

[12] *Korn v. Franchard Corp.*, 456 F.2d 1206, 1209 (2d Cir. 1972) (stating that "forty investors have been said to represent a sufficiently large group" for class certification); *Town of New Castle v. Yonkers Contracting Company, Inc.*, 131 F.R.D. 38, 40-41 (S.D.N.Y. 1990) (potential class of 36 members satisfied numerosity requirement); *United States ex rel. Walker v. Mancusi*, 338 F.Supp. 311, 315-16 (W.D.N.Y. 1971), *aff'd*, 467 F.2d 51 (2d Cir. 1972) (proposed class of 38 prison inmates considered sufficient to satisfy numerosity requirement); *Fidelis Corporation v. Litton Industries, Inc.*, 293 F.Supp. 164, 170 (S.D.N.Y. 1968) (35-70 potential plaintiffs sufficient to satisfy numerosity requirement).

[13]     *Keele*, 1996 U.S. Dist. LEXIS 3253, *8. *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986).

[14]     *Deflumer v. Overton*, 176 F.R.D. 55, 58 (N.D.N.Y. 1997); See also *Peters v. AT&T*, 179 F.R.D. 564, 567-8 (N.D.Ill. 1998) ("Based on these facts it is reasonable to infer that many individuals received the form collection letter and that joinder of all the individuals would be

Plaintiff does not know how many members there are within the class, however, given the boiler plate nature of the letter as well as the fact that the creditor is in fact Citibank there is reason to presume numerosity exists.

### B. Rule 23(a)(2) -- Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be either a common question of law <u>or</u> fact.[15] "Rule 23(a)(2) requires only that questions of law or fact be shared by the prospective class. It does not require that all questions of law or fact raised be common."[16] So long as at least one issue is common to all class members, a class should be certified.[17] Where a question of law involves "standardized conduct of the Defendant ... [to the persons effected], a common nucleus of operative fact is typically presented and the commonality requirement... is usually met."[18] Here, the

---

impracticable."); *Miller v. Wexler & Wexler*, No. 97 C 6593, 1998 U.S. Dist. LEXIS 1382, *8 (N.D.Ill. Feb. 6, 1998) ("We believe that it is appropriate to assume that the number of potential class members satisfies that numerosity requirement where, as here, the defendants allegedly use preprinted, standardized forms in collecting debts...").

[15] *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 290-91 (2d Cir. 1990).

[16] *Halford v. Goodyear Tire & Rubber Co.*, 161 F.R.D. 13, 18 (W.D.N.Y. 1995), *citing Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D.N.Y. 1981).

[17] *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey*, 698 F. 2d 150, 153-54 (2d Cir. 1983) (common question of free speech overrode individual questions concerning each class member); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund*, 778 F.Supp. 985, 989 n. 2 (N.D.Ill. 1991) (*citing Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D.Ill. 1986)).

[18] *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 308 (N.D.Ill. 1995) (*citing Franklin v. City of Chicago*, 102 F.R.D. 944, 949

overarching question common to all of the potential class members is whether Defendant's mechanically generated form letters violate the FDCPA.

The only individual issue here is the identification of the consumers who received the letters, a matter capable of ministerial determination from the Defendant's records. This question is readily answerable from Defendant's own files and does not present an obstacle to class certification.[19] Moreover, since the case is brought for statutory damages, there are no questions, which require individual proof of damages.

Another reason the commonality element is met is that the Defendant treated none of the proposed class members as individuals. Defendant's collection activities, like those of any collection firm, are systematized, and Defendant necessarily acts indiscriminately in its treatment of the consumers from whom it attempts to collect debts by means of collection letters like the letter attached to the complaint. Plainitffs' claim is that an entire class was victimized by this common course of deceptive and illegal conduct. Finally, of paramount importance is that in this case, there are no issues of reliance or causation. The FDCPA is violated if the "least sophisticated consumer" would be misled by the Defendant's conduct and does not require proof that

---

(N.D.Ill. 1984)).

[19] *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated and questions of injury or damages could be determined by reviewing and comparing contract between the parties).

anyone was in fact misled.[20]

### C. Rule 23(a)(3) -- Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class..."[21] Rule 23(a)(3) is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."[22] " When the same 'unlawful conduct was directed at both the named Plaintiffs and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.'"[23] Moreover, typicality may be satisfied even if there are factual distinctions between the claims of the named Plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.[24]

---

[20] *Clomon v. Jackson*, 988 F.2D 1314, 1318 (2d Cir. 1993).

[21] Fed. R. Civ. P. 23(a)(3).

[22] *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993), citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

[23] *Savino v. Computer Credit, Inc.* 173 F.R.D. 346, 352-53 (E.D.N.Y. 1997), quoting I *Newberg on Class Actions* § 3.13; *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 456-457 (E.D.N.Y. 1996).

[24] *United States v. Davis*, 756 F. Supp. 1162, 1169 (E.D.Wis. 1991)("Typicality ... does not require the named plaintiff to be in the identical situation as every member of the class."), *rev'd on other grounds*, 961 F.2d 603 (7th Cir. 1992).

Because commonality and typicality are closely related, a finding of one often results in a finding of the other. In the instant case, typicality is inherent in the claims asserted. Each of the class members received a virtually identical form collection letter under the same circumstances as Plaintiff. All class members' claims arise from the same practices of the Defendant that gave rise to the named Plaintiff's claims. The content of these letters are, as seen through the eyes of the "least sophisticated consumer," an objective standard, factually identical with respect to the members of the class. Therefore, the typicality requirement has been met.

### D. Rule 23(a)(4) -- Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." That protection is evaluated based on two factors: (a) the Plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the Plaintiff must not have interests antagonistic to those of the class.[25]

Generally, there is a presumption of competence for all members of the bar in good standing unless evidence to the contrary is adduced.[26]

---

[25] *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 778 (2d Cir. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1991); *County of Suffolk v. Long Island Lighting Co.*, 710 F.Supp. 1407, 1413 (E.D.N.Y. 1989) *aff'd*, 907 F.2d 1295 (2d Cir. 1990); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993).

[26] *Dolgow v. Anderson*, 43 F.R.D. 472, 496 (E.D.N.Y. 1968), *rev'd on other grounds*, 438 F.2d

Undersigned counsels are active practitioners whose experience, diligence, and commitment to this litigation will more than adequately protect the interests of the class.

As to the named Plaintiffs, courts usually look simply to whether the representative's interests are in any way antagonistic to or in conflict with those of the class members.[27] Such conflict must involve the subject matter of the suit and may not be minor or collateral.[28] Furthermore, such conflict must be real and not speculative.[29] There is no conflict or antagonism whatsoever between Plaintiff and the class members. Here, both Plaintiff and the class members seek money damages as the result of Defendant's deceptive practices. Given the identical claims of Plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named Plaintiff and those of the class, perceived or actual. Plaintiff is clearly an adequate class representative.

### E.  Rule 23(b)(3): Predominance/Superiority

---

825 (2d Cir. 1970); *Hertz v. Canrad Precision Industries, Inc.*, 1970 WL 236, *1 (S.D.N.Y. 1970); *In re Broadhollow Funding Corp.*, 66 B.R. 1005, 1012 (Bktcy Ct., E.D.N.Y. 1986).

[27] *Fowler v. Birmingham New Company*, 608 F.2d 1055, 1058-1059 (5th Cir. 1979).

[28] *Berman v. Narragansett Racing Association, Inc.*, 414 F.2d 311, 317 (1st Cir. 1969), *cert. denied*, 369 U.S. 1037 (1970); *Vernon J. Rockler and Company v. Graphic Enterprises, Inc.*, 52 F.R.D. 335, 342 (D.Minn. 1971); *Blackie v. Barrack*, 524 F.2d 891, 908-910 (9th Cir. 1975).

[29] *Robertson v. National Basketball Association*, 389 F.Supp. 867, 899 (S.D.N.Y. 1975).

There are two components to certification of a class under Rule 23(b)(3): that common questions predominate over individual questions and that a class action is the superior method of adjudicating the claims of the parties. Here, both requirements are clearly met.

### 1. *Common Questions of Law or Fact Predominate*

Rule 23(b)(3) requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Common questions predominate if class-wide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims.[30] The Second Circuit has held that this criterion is met when there is a common factual link between all the class members and the defendant for which the law provides a remedy.[31] The commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely related and a finding of one will generally satisfy the other.[32]

---

[30] *McClendon v. Continental Group, Inc.*, 113 F.R.D. 39, 43-44 (D.N.J. 1986); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y. 1987); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 590 (S.D.Ohio 1987).

[31] *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey*, 698 F.2d 150, 153-54 (2d Cir. 1983) (common question of free speech overrode individual questions concerning each class member); *Halverson v. Convenient Food Mart, Inc.*, 69 F.R.D. 331, 335 (N.D.Ill. 1974).

[32] *See Heastie*, 125 F.R.D. at 674.

In this case, the common nucleus of operative facts is that the Defendant sent form letters to all the class members. The content of the letters gives rise to the allegations made by Plaintiff. The dispositive issues – indeed, the only issues – are whether Defendant violated the rights of the Plaintiff and the class members by sending the letters. The authorities hold that cases dealing with the legality of standardized documents or conduct are generally appropriate for certification and resolution as a class because the document is the crux of the case.[33] This is true even if the class members' damages may vary.[34] The fact that class members' damages do not vary in this case makes it an even stronger candidate for certification. Therefore, the instant case, which concerns a standard form letter, is appropriate for class treatment.

### 2. *A Class Action is Superior to Other Available Methods to Resolve this Controversy*

The primary focus in determining whether the class action is the superior method for resolving the controversy presented is on efficiency.[35] Class actions are an efficient and consistent means of determining the

---

[33] *D'Alauro v. GC Services Limited Partnership*, 168 F.R.D. 451 (E.D.N.Y. 1996) (class certified regarding harassing and abusive debt collection letters).

[34] *Adames v. Mitsubishi Bank, LTD*, 133 F.R.D. 82, 90 (E.D.N.Y. 1989); *D'Alauro v. GC Services Limited Partnership*, 168 F.R.D. at 456.

[35] *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979); *Eovaldi v. First Nat. Bank of Chicago*, 57 F.R.D. 545, 547 (N.D.Ill. 1972).

legality of a form document challenged by all class members.[36] The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, efficiency, and economy.[37]

In so doing, a court must consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually."[38] Only by maintaining this litigation as a class action will such individuals receive the protections contemplated by law; accordingly, the failure to certify a class will result in a failure of justice.[39]

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied.[40]

---

[36] *See Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181 (N.D. Ill. 1992).

[37] *See Id.* at 189; *D'Alauro v. GC Services Limited Partnership*, 168 F.R.D. at 458.

[38] *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974).

[39] *See Villareal v. Snow*, 1996 WL 28254, *6 (N.D. Ill. 1996) ("[m]ost of the proposed class members are likely to be individual consumers who are unaware of their rights under the FDCPA. Class actions in such cases are favored because even if aware of their rights, class members may lack the initiative to bring suits individually. . .")

[40] *In Re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D.Ill. 1977)(citations omitted).

Moreover, as the FDCPA's statutory scheme makes apparent, Congress specifically envisioned the class action as a principal enforcement mechanism for the FDCPA.[41]

Finally, no significant management problems are anticipated. Plaintiff's claims present a straightforward question concerning the legality of a printed form, which is significantly simpler than many other claims that are routinely certified as class actions, such as securities and price-fixing cases.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the request of the defendant be denied.

WHEREFORE the plaintiffs request that the motion of defendant be denied.

Dated:   Uniondale, New York
         April 4, 2005

                                        Respectfully Submitted,

                                        _____
                                        Lawrence Katz

**Attorneys for Plaintiffs**

Lawrence Katz (LK-0062)

---

[41] *See* 15 U.S.C. § 1692(k)(a) and (b).

Abraham Kleinman (AK-6300)
Attorney at Law
626 EAB Plaza
Uniondale, New York 11556-0626
(516) 522-2621